PRINCESS E. L. LINGHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lingham v. Commissioner
Docket Nos. 2860-74, 3678-75.
United States Tax Court
T.C. Memo 1977-152; 1977 Tax Ct. Memo LEXIS 286; 36 T.C.M. (CCH) 649; T.C.M. (RIA) 770152; May 23, 1977, Filed Princess E. L. Lingham, pro se. Theodore J. Kletnick, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income tax against petitioner as follows: Docket Number
Taxable Year
Deficiency
2860-74
1970
$2,727.83
2860-74
1971
2,171.54
2860-74
1972
1,643.13
3678-75
1973
2,536.76
The cases were consolidated for trial, brief and opinion. Concessions have been made by both parties but the following issues remain for our decision: 1. Whether petitioner is entitled to deduct $8,000 in each of the taxable years in issue for a loss she allegedly sustained in the early 1950's; 2. Whether petitioner is entitled to a bad debt loss deduction of $270 for the taxable year *287 1970; 3. Whether petitioner is entitled to deduct employee business expenses in excess of those allowed by the Commissioner; 4. Whether petitioner is entitled to deduct medical expenses in excess of those allowed by the Commissioner; and 5. Whether petitioner is entitled to deduct other miscellaneous items claimed on her income tax return and at trial. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts and second supplemental stipulation of facts and accompanying exhibits are incorporated herein and are found as facts. Only the facts necessary to an understanding of the issues will be repeated here. The petitioner resided in New York, New York at the times she filed the petitions in these cases. She filed individual Federal income tax returns for the taxable years 1970 through 1973 with the District Director of Internal Revenue, Manhattan District, and utilized the cash receipts and disbursements method of accounting. In prior years, petitioner litigated factual cases in this Court involving both similar and identical issues. ; Lingham *288 v. Commissioner, docket Nos. 505- - SC -- Order of Dismissal and Decision entered January 18, 1972; , affd. per curiam ; , affd. per curiam . Petitioner is familiar with the requirement to produce evidence to substantiate the deductions she claims on her income tax returns. Petitioner, on her income tax returns, claimed various itemized deductions aggregating the following amounts: Year
Total
1970
$13,022.48
1971
14,145.00
1972
14,228.05
1973
12,863.61
The Commissioner, in his statutory notices of deficiency, determined that the petitioner was not entitled to the following claimed itemized deductions. 1970
1971
1972
1973
Total
Property & Personal
Possessions Loss
$8,000.00
$8,000.00
$8,000.00
$8,000.00
$32,000.00
Miscellaneous other
Deductions: (Mrs. Haley,
Mrs. Meningall,
Mrs. Corley)
270.00
0
0
0
270.00
Office Use of Home
510.84
599.89
371.24
898.29
2,380.26
Library
431.92
136.90
(53.37)
127.12
642.57
Telephone
92.21
41.80
110.83
101.23
346.07
Medical & Dental
Expenses
740.63
555.79
741.75
0
2,038.17
Repairs
500.00
0
0
0
500.00
Business Storage
140.40
0
0
0
140.40
Dues
0
0
0
125.00
125.00
Interest Expense
0
0
0
200.00
200.00
Total
$10,686.00
$9,334.38
$9,170.45
$9,451.64
$38,642.47
*289 Petitioner, on her income tax returns for each of the taxable years 1970 through 1973 claimed a deduction in the amount of $8,000 for each year, as follows: Amount
Petitioner's Year
Deducted
Characterization
1970
$8,000
Property and personal possessions loss
1971
8,000
Business loss of Nursery School,
Estate, etc. (Prorata)
1972
8,000
Loss of Nursery School and Possessions,
Land, etc. (Prorata)
1973
8,000
Prorata loss of business, land,
property and possessions
The Commissioner disallowed each of these deductions. In approximately 1950, petitioner acquired an interest in a house and some land which she planned to use for the operation of a nursery school. While petitioner was in a hospital, she, in some manner, lost her interest in the property, the loss occurring either in 1952, 1953 or 1955. During this period, petitioner was not provided with an accounting specifying the disposition of the house, land, and possessions. Starting sometime in the late 1950's petitioner claimed deductions on her income tax returns on account of these losses in amounts ranging from $1,200 to $2,000, but these claimed losses were disallowed *290 in each year they were claimed by the Commissioner in his examinations of her income tax returns. By 1969, petitioner had increased her claimed deduction to $6,000. During the years 1970 through 1973 this claimed deduction was increased to $8,000 per year. We held in prior litigation that petitioner was not entitled to the deductions she claimed arising from such a loss. ; , affd. per curiam . On her return for the taxable year 1970, petitioner claimed as miscellaneous itemized deductions three bad debts in the amounts of $35, $35, and $200 which the Commissioner disallowed. The debt of $200 from Mrs. Corley which was claimed by petitioner to be worthless in 1970 was also claimed to be worthless in 1960 and we held that the evidence to support such a deduction was insufficient. . Petitioner, during the years 1970 through 1973, was an elementary school teacher, having young students in grades three through six. For the years in issue petitioner deducted *291 various amounts as employee business expenses. The Commissioner, for each year, disallowed a portion of these claimed deductions. These disallowances, which are in dispute, are as follows: Type of
Amount
Amount
Amount in Deduction
Year
Claimed
Allowed
Dispute
Use of home
for business
1970
$ 681.12
$170.28
$ 510.84
1971
994.00
394.11
599.89
1972
744.00
372.76
371.24
1973
898.29
0
898.29
Total
$3,317.41
$937.15
$2,380.26
Library
Expenses
1970
$ 600.00
$168.08
$ 431.92
1971
367.00
230.10
136.90
1972
205.32
258.69
(53.37)
1973
127.12
0
127.12
Total
$1,299.44
$ 656.87
$ 642.57
Use of tele-
phone for
business
1970
$ 112.94
$ 20.73
$ 92.21
1971
114.00
72.20
41.80
1972
200.00
89.17
110.83
1973
182.48
81.25
101.23
Total
$ 609.42
$263.35
$ 346.07
Total Employee Busi-
ness Expenses
Claimed, Allowed
and in Dispute 1970
through 1973
$5,226.27
1,857.37
$3,368.90
Petitioner was not required by her employer to work at home. Petitioner maintained no records showing the business use she made of her home telephone. It was not required as a condition of her employment *292 that petitioner make extensive telephone calls during evening hours. Petitioner's claimed employee business expenses for "library" consisted primarily of items which were purchased for her personal pleasure rather than business use. Petitioner, on her income tax returns for the taxable years 1970 through 1972, claimed medical expense deductions which the Commissioner disallowed in part. The amounts claimed and the portions disallowed are as follows: 1970
1971
1972
Amount
Amount
Amount
Amount
Amount
Amount
Claimed
Allowed
Claimed
Allowed
Claimed
Allowed
One half (or $150)
of Health Insurance
Premiums
$ 150.00
$ 46.35
$ 150.00
$ 46.35
$ 150.00
$ 81.35
Medicine and Drugs
$ 551.41
$ 0
$ 615.00
$ 0
$ 479.36
$ 0
Less 1% of Adjusted
Gross Income
182.95
182.95
163.00
163.78
169.96
169.96
Difference
368.46
0
452.00
0
309.40
0
Balance of Health
Insurance
606.60
46.35
607.00
46.35
848.70
81.35
Doctors, Dentists, etc.
446.00
693.68
52.00
612.85
25.00
367.53
Total
$1,421.06
$740.03
$1,111.00
$659.20
$1,183.10
$448.88
Less 3% of Adjusted
Gross Income
548.83
504.78
491.00
491.34
509.00
458.20
Deductible Medicine,
Doctors, etc.
$ 872.23
$235.25
$ 620.00
$167.86
$ 673.10
$ 0
Health Insurance
$ 150.00
$ 46.35
$ 150.00
$ 46.35
$ 150.00
$ 81.35
Medicine, Doctors, etc.
872.23
235.25
620.00
167.86
673.10
0
Total
$1,022.23
$281.60
$ 770.00
$214.21
$ 823.10
$ 81.35
Disallowed per
statutory notice
$740.63
$555.79
$741.75
*293 Petitioner, during 1970 through 1972 inclusive, did not take medicine or drugs and the amounts deducted as such were for vitamins and food. Petitioner's vitamin purchases were based upon her own self-devised plan rather than doctor's prescriptions. Petitioner deducted the following items on her returns: Purpose as characterized Year
Amount
on petitioner's return
1970
$500.00
Repairs
1970
140.40
Business storage
1973
200.00
Interest expense
Petitioner claimed at trial that she suffered a $1,000,000 loss as the result of a fire in a warehouse in Boston, Massachusetts, where she had stored some possessions. Petitioner also claimed at trial that she incurred a $1,300 loss as a result of damage to goods she had shipped, $1,000 resulting from the alleged failure of a food co-operative venture, $310.40 resulting when her wages were being garnisheed and $5,185 which she paid in restitution to a bank for money a family member allegedly embezzled. Petitioner retained an attorney, Shirley F. Carter, to represent her regarding her alleged fire loss in Boston, Massachusetts, the $1,300 loss allegedly incurred when goods were shipped and the loss of *294 wages through garnishment. He instituted lawsuits and filed insurance claims for the $1,000,000 fire loss and the $1,300 shipping loss. These lawsuits and claims were still pending and being actively pursued as late as 1975; however, petitioner has never furnished Mr. Carter a list of the items destroyed or lost. The garnishment of petitioner's wages occurred in 1968, a year not before the Court. ULTIMATE FINDINGS OF FACT 1. Petitioner is not entitled to deduct losses in the amount of $8,000 in each of the years 1970 through 1973. 2. Petitioner is not entitled to deduct bad debts in the amount of $270 in the taxable year 1970. 3. Petitioner is not entitled to deductions for employee business expenses, business use of home, telephone and library in excess of the amounts allowed by the Commissioner for each of the taxable years 1970 through 1973. 4. Petitioner is not entitled to deduct medical expenses for the taxable years 1970 through 1972 in excess of the amounts allowed by the Commissioner. 5. Petitioner is not entitled to deduct $500 for repairs in the taxable year 1970, $140.40 for business storage in the taxable year 1970 and $200 for interest expense *295 in the taxable year 1973. 6. Petitioner is not entitled to deduct various losses and bad debt deductions claimed at trial. OPINION Princess Lingham is not a stranger in the Tax Court. She has invoked the jurisdiction of this Court to redetermine her income taxes for the taxable years 1960, 1962 and opinion in , "unconvinced and undismayed by three defeats, first in the Board of Tax Appeals, next in this Court, and again in the Tax Court on remand for the taking of further evidence, petitioners are here again." Unlike the petitioner in Crabb v. Commissioner, Princess Lingham is here for the fourth time, claiming some of the identical deductions she claimed before which we disallowed. The language of Judge Hutcheson can hardly describe the frustration visited upon this Court by the recurring appearance of Princess Lingham. We recognize our duty to provide each taxpayer with a day in court but that right must have some limits and this taxpayer must have reached such limits by this time. At a time when this Court is endeavoring to expeditiously manage a caseload exceeding 18,000 cases, we must sit for *296 almost four hours and listen to vague ramblings about questionable deductions that exceed the wildest imagination. Petitioner's specialty is claiming unsupported losses. In addition to those claimed on her returns, all unsupported by facts, she asked leave at trial to claim additional losses, likewise not supported. She first claimed a loss of $1,800 for a nursery school in Boston for the taxable year 1964 which occurred in 1953. In , affd. per curiam , we held that the loss, if one occurred, was sustained in 1953. Undaunted and undismayed petitioner now claims an $8,000 loss in each of the taxable years 1970 through 1973 for that loss. Continuing to claim such deductions is frivolous and we are surprised that the Commissioner has not asserted the negligence penalty. Likewise, for the taxable year 1960 petitioner claimed a bad debt deduction for a loan to Mrs. Corley. We disallowed that deduction for lack of proof. , affd. per curiam . She again claims the identical *297 deduction before us in the taxable year 1970. She offered no proof of the bad debts totaling $270 which she claimed on her return for 1970. Petitioner claimed deductions in each of the years for the business use portion of her apartment, which were partially allowed by the Commissioner. Since the trial we have held that such deductions are not allowable. . The Commissioner has not requested that the portion he allowed now be disallowed; therefore, we will not disturb the allowance. None of the portion disallowed, however, can be allowable now in light of our holding in Accordingly, we deem it unnecessary to recite in the findings of fact matters relating to office in home expenses. As to the business use of the telephone in her apartment, petitioner presented no proof as to the percentage of use for business purposes and we decline to speculate on what that percentage might be. The Commissioner is sustained on that item, therefore. [1]
Petitioner's evidence on deductions she claimed for her library included testimony *298 that she used magazines to which she subscribed in teaching her students. She failed to prove that such expenses were a condition of her employment and she cannot be allowed to deduct such items without such proof. ; , affirming a Memorandum Opinion of this Court. We doubt if furnishing magazines to her students would be a condition of employment. Moreover, it is obvious that some of the magazines for which subscription costs were claimed would have little appeal to petitioner's students who were in the third through the sixth grades. These magazines included: Consumer's Union, Architectural Digest, Ebony, Time, Changing Times, House Beautiful. Petitioner admitted that she subscribed for and deducted a subscription for forecasts of thoroughbred racing horses for her own recreation and enjoyment. She testified that she planned to pursue education in the architectural engineering field and subscribed to some magazines relating to that, such as Architectural Digest, but we find such testimony unconvincing of an academic pursuit. None of the expenses *299 claimed for library in excess of those allowed by the Commissioner are allowable. Petitioner claimed sizeable medical deductions for vitamins and food. She prescribes the dosages of vitamins for herself and claims to limit her diet to organic foods. Vitamins consumed pursuant to a self-imposed plan are not deductible as medical costs. Petitioner deducted substantial amounts for organic foods. Such deductions included crab claws from Omaha Steak International; oranges from Barfield Groves in Florida; cheese from Swiss Colony, Epicure Club, and Wisconsin Cheeseland; fruit and nuts from Sunnyland Farms; and other "organic" and "natural" foods from Country Gourmet, Vegetable Products Co., Sturdy Health Products, Inc. and Natural Sales Co. Such expenditures fall short of the requirement of direct or proximate relationship to the diagnosis, cure, mitigation, treatment, or prevention of disease and are, therefore, not allowable. . Petitioner's evidence is insufficient to support deductions for health insurance premiums in excess of those allowed by the Commissioner. She likewise failed to substantiate deductions for repairs *300 in 1970 for $500 to her apartment and $140.40 paid to her sister for storage of books. She claimed $200 paid for mortgage interest in 1973 but failed to substantiate such deduction. At trial petitioner claimed a $1,000,000 loss from fire in a warehouse in Boston, $1,300 loss from damage to goods being shipped, $1,000 from an investment in a food cooperative, $310.40 from garnishment of wages, and $5,185 bad debt for restitution to a bank for funds embezzled by her nephew. After listening to the testimony of petitioner's attorney, we believe he has as much difficulty understanding his client as we do. We cannot conclude from the evidence in what taxable year identifiable events occurred giving rise to the casualty losses, the loss of investment in the food co-op and garnishment of wages nor were the amounts of the losses substantiated. As we stated earlier, petitioner's specialty is deducting losses.
Payments by petitioner to a bank as restitution for funds embezzled by her nephew are gifts and are not deductible. In short, petitioner has not proved her entitlement to deductions in excess of those allowed by the Commissioner in his statutory notices of deficiency or subsequently *301 conceded by him. We can understand the difficulty faced by the average taxpayer in comprehending our complex tax system. Petitioner here falls into quite another category. Year after year she claims phony deductions and we have repeatedly held against her. The Internal Revenue Service appears to have been patient and indeed generous in auditing petitioner's income tax returns and this Court has been patient in hearing petitioner's numerous cases but she has just about worn out her welcome. If petitioner again claims frivolous deductions, which the Commissioner disallows and petitions this Court for a redetermination we can only conclude that such petition is frivolous and consider awarding damages to the United States up to $500 authorized by section 6673 of the Code. Petitioner will undoubtedly appeal our decision here as she has consistently done in the past. We trust that the Court of Appeals will appreciate the frustration and exasperation experienced by a trial judge who has had to listen to the fourth episode of the ongoing saga of Princess E. L. Lingham.
Decisions will be entered under Rule 155. Footnotes
1. .↩